IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIA SIGNS & DESIGN LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:25-cv-03074 |
| | § | |
| v. | § | |
| | § | |
| EZZI SIGNS INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S EMERGENCY APPLICATION FOR**
**TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE COURT:

Plaintiff Aria Signs & Design LLC ("Aria") asks the Court to enter a Temporary Restraining Order ("TRO") against EZZI Signs Inc. as follows:

**INTRODUCTION**

1. Through more than thirty (30) years of research, development, and expense, National Signs LLC ("National Signs") created, developed, and curated what has now become recognized throughout the sign design and construction industry as the gold standard for road sign designs. However, on or around May 24, 2024, National Signs LLC filed a petition under Subchapter V of Chapter 11, commencing the bankruptcy case (the bankruptcy case was later changed to Chapter 7).

2. Aria is a limited liability company that manufactures and installs signs throughout Texas. Seeking to expand its business, Aria successfully bid and purchased National Signs' assets in the bankruptcy case. The assets Aria purchased included, but were not limited to, fabricated signage, drawings, templates, designs, client files, customer lists, marketing brochures, bid proposals, intellectual property, goodwill, and other similar items in bankruptcy.

3. This action arises from EZZI's deliberate and unlawful efforts to usurp the intellectual property rights and goodwill of Aria for EZZI's benefit. EZZI has knowingly engaged in the unauthorized use, reproduction, preparation of derivative works, display of the works publicly, and distribution of Aria's copyrighted works, all without permission or license.

4. Specifically, EZZI has improperly copied, used, and distributed Aria's copyrighted works to strike a deal with the City of La Porte and build the road signs Aria designed. EZZI has never sought permission from Aria to use Aria's copyrighted works and, further, has refused to stop or pay Aria any licensing fees for the use of Aria's copyrighted works after EZZI's improper conduct was discovered. Unless enjoined, EZZI will continue to infringe upon Aria's copyrighted works and will mislead the consuming public that EZZI developed, is affiliated with, sponsors, or is associated with Aria's works, when such is not the case.

5. As a result of EZZI's continuous infringement, Aria previously sent a cease and desist letter to EZZI, providing clear notice of Aria's claims. Rather than respond after receipt of the letter, EZZI intentionally ignored the letter, leading Aria to file this lawsuit.

6. EZZI's calculated decision to ignore Aria's letter and continue using Aria's copyrighted works demonstrates a pattern of willful misconduct, aimed at avoiding accountability while continuing to profit from Aria's intellectual property. EZZI's continued infringement of Aria's copyrighted works necessitates this legal action.

7. Aria respectfully requests a TRO to avoid harm and maintain the status quo.

**REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**

8. Aria incorporates the factual paragraphs in its Original Complaint for Copyright Infringement (17 U.S.C. § 501 et seq) [ECF No. 1].

9. Aria is entitled to injunctive relief restraining EZZI from using, disclosing, or retaining the Aria Works. Unless immediately restrained, EZZI's actions in violation of 17 U.S.C. § 501 *et seq*. will continue to cause irreparable harm to Aria for which there is no adequate remedy at law, including, without limitation, loss of existing customers, loss of business opportunities, loss of good will and business reputation, and loss of copyrighted material. Money damages cannot

adequately compensate Aria. As a result, Plaintiff seeks a temporary restraining order until a date set for hearing (not to exceed fourteen days from the date of the order) and, after notice and a hearing, a preliminary injunction preventing EZZI from further violations pending the trial of this matter.

10. “As long as the court cannot say there is no likelihood of prevailing on the merits but finds the factor of substantial likelihood of success present to some degree, then the party seeking the injunction has met its burden.” *Family Rehab., Inc. v. Azar,* 3:17-cv-3008, 2018 WL 3155911, at *3 (N.D. Tex. June 28, 2018) (*Productos Carnic, S.A. v. Cent. Amer. Beef & Seafood Trading Co.*, 621 F.2d 683, 686 (5th Cir. 1980)).

11. A temporary restraining order and preliminary injunction are necessary to preserve Aria’s rights pending a trial on the merits of this action and warranted by EZZI’s actions at issue in this case. To establish entitlement to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury; (3) the threatened injury to plaintiff outweighs any threatened harm to the defendant; and (4) granting injunctive relief will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984); *Bluefield Water Ass’n, Inc. v. City of Starksville*, 577 F.3d 250, 253 (5th Cir. 2009).

12. First, there is a substantial likelihood that Aria will prevail on the merits in this matter. Aria holds the copyrights to all Aria Works through an assignment of National Signs' assets from a bankruptcy trustee sale. EZZI has improperly copied, used, and distributed Aria’s copyrighted works to strike a deal with the City of La Porte and build the road signs Aria designed. EZZI has never sought permission from Aria to use Aria’s copyrighted works and, further, has refused to stop or pay Aria any licensing fees for the use of Aria’s copyrighted works after EZZI’s improper conduct was discovered. EZZI has thereby violated 17 U.S.C. § 501 *et seq*.

13. Second, there is a substantial threat that Aria will suffer immediate and irreparable injury. “To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable.” *Humana, Inc. v. Avram A. Jacobson, M.D.,*

*P.A.,* 804 F.2d 1390, 1394 (5th Cir. 1986). Instead, "[t]he plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Id.* (footnote omitted).

14. Here, EZZI is in the process of fabricating and constructing the signs depicted in the Aria Works for a contract with the City of La Porte. At the moment, the infringing signs have not yet been installed publicly along the road side in the City of La Porte, but the installation of these signs is imminent and must be restrained to prevent immediate and irreparable harm, including the loss of Aria's reputation, goodwill, market share and opportunity, and the ability to control the use of the works and the quality of the signs.

15. Third, the threatened injury to Aria outweighs any possible damage to EZZI because an injunction would simply prevent EZZI from fabricating and installing the Aria Works, and prevent it from using Aria's copyrighted material.

16. Finally, the public interest is served by an injunction as it protects the substantial investment and rights Aria has in the Aria Works by upholding copyright protections and preventing misappropriation of creative investments in Aria Works.

17. Aria is entitled to a temporary restraining order, preliminary injunction, and permanent injunction restraining EZZI as follows:

a. EZZI, including its agents, servants, employees, attorneys, and any and all persons in active concert or participation with it ("Enjoined Parties") will preserve for litigation and will not copy or further distribute all drawings, templates, designs, logos, client files, customer lists, marketing brochures, bid proposals, and other like items (electronic or otherwise) they may have in their possession related to the Aria Works;

b. The Enjoined Parties will immediately and permanently return to Aria all of the Aria Works, including, but not limited to, all or portions of drawings, templates, designs, logos, client files, customer lists, marketing brochures, bid proposals, and other like items (electronic or otherwise) Aria purchased at the Bankruptcy as described above without retaining any copies (electronic, paper, or otherwise);

c. Enjoined Parties will cease fabricating, manufacturing, and/or installing the Aria Works for any contract or agreement it has with the City of La Porte; and

d. Aria is willing to post a bond.

**PRAYER FOR RELIEF**

For these reasons, Plaintiff Aria Signs & Design LLC asks the Court to enter a temporary restraining order against Defendant EZZI Signs Inc., set a date for the preliminary injunction, have the Clerk issue notice to EZZI of the preliminary injunction, and grant all other relief it may deem appropriate.

Dated: July 1, 2025

Respectfully submitted,

**THE GREENWOOD LAW FIRM, PLLC**

*/s/ Sean Greenwood*
Sean Greenwood
Attorney-in-Charge
Texas Bar No. 08408730
Federal ID 15015
sean@gwoodlaw.com
1415 North Loop West, Suite 1250
Houston, Texas 77008
TEL: (832) 356-1588
FAX: (832) 356-1589

BUCHALTER
A Professional Corporation

By: *s/Michelle Q. Pham*
Michelle Q. Pham

State Bar No. 24081099
Federal I.D. 3894060
mpham@buchalter.com
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
TEL: (206) 319-7052
FAX: (206) 855-5239

*Attorneys for Plaintiff Aria Signs & Design LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served by the Electronic Case Filing (ECF) system for the United States District Court for the Southern District of Texas on all parties registered to receive electronic notices in this case in accordance with the FED. R. CIV. P. 5(d)(1)(B) and local rules for ECF service on this 1st day of July, 2025.

*/s/ Michelle Q. Pham*
Michelle Q. Pham

**VERIFICATION OF SHAYA ATTAEI**

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned, on this day personally appeared Shaya Attaei, who being by me duly sworn, upon his oath, deposed and stated as follows:

"My name is Shaya Attaei. I am over the age of 21, am of sound mind, and am in all ways competent to make this oath. I am the Manager of Aria Signs & Design LLC and the agent of Plaintiff for purposes of verifying their Emergency Application for Temporary Restraining Order. I have read the aforementioned application. The factual statements contained in the application are within my personal knowledge and are true and correct."

FURTHER AFFIANT STATES NOT.

[signature]
Shaya Attaei

SWORN TO AND SUBSCRIBED BEFORE ME on this 1st day of July 2025.

[signature]
Notary Public
In and For the State of Texas

My Commission Expires:

______________________________

MUSTAFA KAMIL
My Notary ID # 135029993
Expires August 7, 2028